UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-8809 PA (FFMx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | Nigel Smith v. City of Los Angeles, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS-COURT ORDER

     Before the Court is a Motion to Dismiss filed by defendant Ryan Gonzales ("Gonzales") ("Defendants") (Docket No. 20). Also before the Court is a Response filed by plaintiffs Nigel Smith and Naim Cornick (collectively "Plaintiffs") to the Court's June 18, 2015 order to show cause why the claims against Chief Charlie Beck and Officer Smith should not be dismissed for lack of prosecution. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 6, 2015, is vacated, and the matter taken off calendar.

     Plaintiffs commenced this action on November 13, 2014. Plaintiffs allege that defendants Gonzales and Officer Smith, officers of the Los Angeles Police Department ("LAPD"), violated their civil rights during an incident on January 20, 2014. The Complaint includes claims for unreasonable seizure and excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983, a Monell claim for municipal liability against defendants City of Los Angeles (the "City") and LAPD Chief Charlie Beck ("Beck"), and related state law claims for civil rights violations, infliction of emotional distress, and assault and battery.

     Plaintiffs filed a Proof of Service on December 11, 2014, indicating that they had served the City on November 21, 2014. The City filed its Answer on December 12, 2014. The Court set a Scheduling Conference for January 12, 2015, and issued a Scheduling Order on December 30, 2014. The Scheduling Order established a Discovery Cut-off date of June 29, 2015, and Motion Cut-off date of July 6, 2015, a Pretrial Conference date of August 7, 2015, and a Trial for September 8, 2015. Plaintiffs failed to serve the Summons and Complaint on Gonzales until May 13, 2015, 60 days after the 120-day deadline for service of the Summons and Complaint established by Federal Rule of Civil Procedure 4(m). At the time Plaintiffs served Gonzales, there were only six weeks until the Discovery Cut-off date. Plaintiffs have still not served Chief Beck or Officer Smith, despite the expiration of both the Discovery Cut-off and Motion Cut-off dates.

     Gonzales asserts that the Complaint filed by Plaintiffs should be dismissed for lack of prosecution because they failed to serve him with the Summons and Complaint within 120 days as required by Federal Rule of Civil Procedure 4(m). The Court's order to show cause similarly required Plaintiffs to set forth why their claims against Chief Beck and Officer Smith should not be dismissed for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-8809 PA (FFMx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | Nigel Smith v. City of Los Angeles, et al. | | |

failure to timely serve those defendants. In response to the Motion to Dismiss and order to show cause, Plaintiffs' counsel contends that it is his law firm's practice to immediately serve defendants with the Summons and Complaint, but for some unexplained reason, the process server only served the City. Plaintiffs' counsel claims not to have become aware of the lack of service on the individual defendants until April.[1/] Gonzales was served in mid-May, but Chief Beck has not been served[2/] and Plaintiffs have been unable to locate Officer Smith, who is no longer employed by LAPD.

Generally, Rule 4(m) requires service of the Summons and Complaint on each defendant within 120 days of the filing of the Complaint. Specifically, Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing In re Sheehan, 253 F.3d 507, 512, 514 (9th Cir. 2001)). "Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action." Id. Dismissal for failure to comply with Rule 4(m) is not required if: "(a) the party that had to be served received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984). For purposes of Rule 4(m), "'[a]t a minimum, 'good cause' means excusable neglect.'" In re Sheehan, 253 F.3d at 512 (quoting Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991)). Claims like secretarial negligence, which are chargeable to counsel, are, "at best . . . inadvertent error, which is not good cause." Hart v. United States, 817 F.3d 78, 81 (9th Cir. 1987).

---

[1/] Plaintiffs also contend that Gonzales' Motion should be denied because his counsel did not comply with Local Rule 7-3's meet and confer requirement. However, Gonzales' counsel has provided evidence that he did attempt to meet and confer prior to filing the Motion. Additionally, even if Gonzales' counsel had not complied with Local Rule 7-3 in this instance, Plaintiffs have suffered no prejudice, and the Court therefore concludes that this ground does not support denial of the Motion.

[2/] In their Response to the Court's order to show cause, Plaintiffs do not explain why they have not made any attempt to serve Chief Beck after discovering that he had not been served. As a result, Plaintiffs appear to have abandoned their claim against Chief Beck.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV14-8809 PA (FFMx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | Nigel Smith v. City of Los Angeles, et al. | | |

      The Court concludes that Plaintiffs have not established good cause for their failure to timely serve the Summons and Complaint on Gonzales, Chief Beck, and Officer Smith.  This action has been actively litigated since, at a minimum, the Court issued its Scheduling Order on December 30, 2014, and at no point between then and sometime in April, when Plaintiffs' counsel claims to have discovered that the individual defendants had not been served, had those defendants appeared.  Nor had Plaintiffs attempted to engage in any discovery directed at those defendants, and those defendants had not propounded any discovery directed at Plaintiffs.  Then, with only six weeks before the Discovery Cut-off date, Plaintiffs belatedly served Gonzales.  Plaintiffs' counsel compounded his failure to comply with the 120-day service requirement by failing to ask for additional time to complete service prior to the expiration of the Rule 4(m) deadline, or at any time thereafter.  See Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time:  (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.").  Under these circumstances, Plaintiffs' counsel's neglect is not "excusable."

      Additionally, examination of the Borezka factors establishes that dismissal of the individual defendants is warranted in this instance.  First, none of the individual defendants received actual notice within Rule 4(m)'s deadline.  Borzeka, 739 F.2d at 447.  Second, the individual defendants would be prejudiced because, given the expiration of the Discovery and Motion Cut-off dates, there is now insufficient time for them to adequately prepare for the impending trial.  Id.  Third, as discussed, Plaintiffs do not have an adequate excuse for their failure to timely serve the individual defendants with the Summons and Complaint.  Id.  Finally, Plaintiffs will not be severely prejudiced because the applicable statute of limitations has not run and the Court will dismiss the claims against the individual defendants without prejudice.  Id.

      For all of the foregoing reasons, the Court grants Gonzales' Motion to Dismiss and concludes that Plaintiffs have not shown cause why the claims alleged against Chief Beck and Officer Smith should not be dismissed for lack of prosecution.  The Court therefore dismisses the claims alleged against Gonzales, Chief Beck, and Officer Smith without prejudice.

      IT IS SO ORDERED.